UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
VILMA ZEPEDA TORRES,

                      Plaintiff,

      -against-

MITCHELL WAXMAN and AMY WAXMAN,

                      Defendants.
------------------------------------------------------------------------X

Docket No.:

**COMPLAINT**

      Plaintiff, VILMA ZEPEDA TORRES, by and through her counsel, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, MITCHELL WAXMAN and AMY WAXMAN (collectively as "Defendants"), allege as follows:

## NATURE OF THE CLAIM

      1.      Plaintiff brings this action to recover unpaid minimum wage compensation under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. § 142 ("NYLL"), unpaid overtime wages under the NYLL, unpaid wages stemming from Defendants' failure to pay Plaintiff wages for all hours worked at her agreed upon rates of pay under the NYLL, unpaid spread of hours compensation under the NYLL, damages for failure to issue timely payment of wages pursuant to the FLSA and NYLL § 191, damages for failure to pay all wages owed no later than her regular pay day for the pay period in which she was terminated pursuant to NYLL § 191-3, damages for failure to provide accurate wage statements for each pay period under NYLL § 195(3), damages for unjust enrichment under New York common law, damages for quantum meruit under New York common law, damages for

retaliation under the FLSA, 29 U.S.C. § 215(a)(3), damages for retaliation under the NYLL, NYLL § 215(1), and any other claim(s) that can be inferred from the facts set forth herein.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this United States District Court pursuant to 28 U.S.C. § 1391(b)(1) as all Defendants reside within the Eastern District of New York, and 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of New York.

## THE PARTIES

4. At all times relevant, Plaintiff VILMA ZEPEDA TORRES ("Plaintiff" or "Torres") is a resident of the County of Suffolk, State of New York.

5. At all times relevant, Plaintiff Torres was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e) and NYLL § 190(2), and a manual worker within the meaning of NYLL § 190(4).

6. At all times relevant, Defendant MITCHELL WAXMAN, jointly with Defendant AMY WAXMAN, was active in the day to day management of and supervised Plaintiff's employment, had authority to make hiring, firing, and personnel decisions for Plaintiff, including overseeing her day-to-day activities, duties, scheduling, setting Plaintiff's rates of pay, and making the decisions to hire and terminate Plaintiff's employment, had authority to make payroll decisions regarding Plaintiff, including the payment of wages to Plaintiff and determining what wages were paid to Plaintiff, and was responsible for maintaining personnel records for Plaintiff, and is liable to Plaintiff as an "employer" within the meaning of the FLSA and NYLL.

7. At all times relevant, Defendant AMY WAXMAN, jointly with Defendant MITCHELL WAXMAN, was active in the day to day management of and supervised Plaintiff's employment, had authority to make hiring, firing, and personnel decisions for Plaintiff, including overseeing her day-to-day activities, duties, scheduling, setting Plaintiff's rates of pay, and making the decisions to hire and terminate Plaintiff's employment, had authority to make payroll decisions regarding Plaintiff, including the payment of wages to Plaintiff and determining what wages were paid to Plaintiff, and was responsible for maintaining personnel records for Plaintiff, and is liable to Plaintiff as an "employer" within the meaning of the FLSA and NYLL.

## FACTS

8. Defendants employed Plaintiff as a non-exempt cleaner, helper and and manual worker from in or about February 25, 2003 until on or about April 2, 2022. Plaintiff worked in Defendants' home at 45 Old Brook Road, Dix Hills, New York 11746.

9. Throughout her employment, Plaintiff was responsible for cleaning Defendants' home, cooking for Defendants, performing laundry, and any other when needed.

10. Throughout her employment, Defendants were engaged in breeding, raising and selling sugar gliders, a type of pet marsupial.

11. Throughout her employment, Defendants also required Plaintiff to spend substantial time assisting with caring for Defendants' colony of sugar gliders, including feeding and providing water to Defendants' sugar gliders and spending long hours cleaning dozens of cages for these animals to remove their messes and excrement.

12. Throughout the statutory period until March 8, 2021, Plaintiff typically worked three to four days per week, and sometimes more, from approximately 6:00 a.m. or 7:00 a.m. until 6:00 p.m. and from approximately 8:00 p.m. until 10:00 p.m., or sometimes even later. On the

remaining days where Plaintiff was not scheduled to perform a full shift, Defendants frequently required Plaintiff to perform additional hours of work to clean and maintain Defendants' home, and to perform laundry several days per workweek. Defendants also required Plaintiff to work additional shifts on certain holidays. Accordingly, Defendants required Plaintiff to work, Plaintiff did work, more than forty hours per week during certain workweeks.

13. From March 9, 2021 until on or about April 2, 2022, Plaintiff regularly worked two days per week from approximately 6:00 a.m. or 7:00 a.m. until 6:00 p.m. and from approximately 8:00 p.m. until 10:00 p.m., or sometimes even later, as well as additional hours of work on days where Plaintiff was not scheduled to perform a full shift.

14. Throughout her employment, Defendants agreed to pay Plaintiff various non-hourly rates of pay, paying her based on a fixed weekly salary of between $300 to $440 from the beginning of the statutory period until 2019 and a daily rate of pay of $110.00 per day beginning in or about 2020 until her employment ended.

15. Throughout her employment, despite working in excess of forty hours per workweek during certain workweeks, Defendants failed to pay Plaintiff for her hours worked in excess of forty hours per workweek at her statutorily-mandated overtime rate of pay of one and one half times her regular rate of pay or the applicable minimum wage, whichever is greater, in violation of the NYLL.

16. Moreover, throughout her employment, Plaintiff's compensation, when converted to an hourly regular rate of pay by operation of law, often results in an hourly rate of pay below the mandated minimum wage in violation of the NYLL.

17. Throughout her employment, Plaintiff also regularly worked a daily shift that exceeded ten hours per day from its start to its finish. However, Defendants failed to pay Plaintiff

4

spread-of-hours compensation of one additional hour at the applicable minimum wage rate for each workday that exceeded ten hours, in violation of the NYLL.

18. Beginning in or about 2013 until in or about early 2020, Defendants began failing to pay Plaintiff her wages on a weekly basis. Instead, beginning in or about 2013 until in or about early 2020, Defendants paid Plaintiff her wages many months after the wages were earned by paying her wages in lump payments three to six months after, and even twelve months after, her wages were earned.

19. Because of this practice, from in or about 2013 until in or about early 2020, Defendants required Plaintiff to work many months and as much as a year without paying Plaintiff her wages earned until Defendants would eventually relent to pay Plaintiff her severely overdue wages.

20. Beginning in or about early 2020 until on or about April 2, 2022, Defendants failed to pay Plaintiff any wages whatsoever for her hours worked, except for a few sporadic partial payments of wages issued in minimal amounts. As a result, Defendants have entirely failed to pay Plaintiff any wages for nearly all of her wages earned from in or about early 2020 until on or about April 2, 2022.

21. Defendants were required to pay Plaintiff, who qualifies as a manual worker, weekly and not later than seven calendar days after the end of the week in which her wages were earned, under NYLL § 191.

22. Because Defendants instead paid Plaintiff her wages many months after her wages were earned from the beginning of the statutory period until in or about 2019 and entirely failed to pay Plaintiff nearly all of her wages earned from in or about early 2020 until on or about April 2, 2022, Defendants failed to pay Plaintiff those wages earned weekly and not later than seven

5

calendar days after the end of the week in which the wages were earned, in violation of NYLL § 191, and failed to timely pay Plaintiff her wages earned under the FLSA.

23. Throughout her employment, Plaintiff performed non-exempt, manual duties, including but not limited to cleaning Defendants' home, preparing food, cooking food, chopping, stirring and mixing food, performing laundry and folding, feeding Defendants' sugar gliders, cleaning dozens of cages for Defendants' colony of sugar gliders, lifting heavy items, and engaging in long periods of standing, walking, lifting, and bending.

24. Throughout her employment, Plaintiff regularly performed these manual tasks during the majority of her hours worked and, therefore, Plaintiff spent more than twenty-five percent of her hours worked each week performing such manual tasks.

25. Plaintiff is a manual worker who depends upon her wages for sustenance and suffers harm that is particularly acute when her wages were delayed and Defendants temporarily – or permanently – deprived of her earned wages.

26. Each time that Plaintiff received late – or no – compensation for the work that she performed, Defendants underpaid her for the work that she performed.

27. Each time that Defendants failed to pay Plaintiff her wages earned within seven days of the end of her workweek, Defendants deprived her of the use of money that belonged to her. As a result, Plaintiff was unable to do those things that every person does with their money, such as paying bills or buying goods that she needed or wanted to buy.

28. By way of example, these delayed wages prevented Plaintiff from spending money earned on a host of everyday expenses and to provide for her basic needs including, but not limited to, purchasing food and groceries, rent payments for other more suitable lodging, medical supplies and services, public transportation, and other basic living expenses.

29. By Defendants' failure to pay Plaintiff her wages earned within seven days of the end of her workweeks and retaining money that belonged to her, Plaintiff lost the time value of money.

30. Additionally, Defendants' delayed payment of wages forced Plaintiff to forgo purchasing goods and services until a later time after her receipt of her late paid wages. Because of inflation, being an ever increasing scourge throughout the Covid-19 pandemic and recent events, Plaintiff was required to pay increased prices for the goods and services that she otherwise would have purchased at an earlier date were her wages lawfully paid on a weekly basis.

31. By retaining these wages earned beyond the timeframes set by NYLL § 191 and FLSA, Defendants benefitted from the time value of money and their free use of such funds, at the expense of Plaintiff. For example, during the interval of these delayed wage payments, Defendants were free to utilize those funds to purchase food, pay utilities, pay rent or mortgages on their home, purchase for supplies and items for Defendants' colony of sugar gliders, invest those sums of money, and accrue interest on those funds in their bank accounts.

32. Defendants' failure to timely pay wages earned for many months after her wages were earned or entirely failing to pay Plaintiff her wages earned caused Plaintiff to suffer harm, forcing her to live at a poverty wage.

33. Due to Defendants' practice of failing to compensate Plaintiff for nearly all of her hours worked from in or about early 2020 until her termination on or about April 2, 2022, Defendants have deprived Plaintiff of many hours of pay at her regular, minimum wage, or overtime rates of pay, at her agreed upon rates of pay, and of spread of hours pay, during each workweek, in violation of the FLSA, NYLL and New York common Law.

34. Additionally, Defendants terminated Plaintiff's employment on April 2, 2022. However, Defendants failed to pay Plaintiff at any rate of pay for her final week of her employment.

35. Due to Defendants' failure to compensate Plaintiff for her hours worked during her final workweek, Defendants again deprived Plaintiff of compensation at her regular or minimum wage rates, at her agreed upon rate of pay, and spread of hours pay owed, during this workweek, in violation of the FLSA, NYLL and New York common Law.

36. Due to Defendants' failure to compensate Plaintiff for her hours worked during her final workweek, Defendants did not pay Plaintiff her earned wages on her regular pay day for the pay period in which she was terminated, in violation of NYLL § 191-3.

37. Throughout her employment, Defendants failed to track Plaintiff's hours worked.

38. Throughout her employment, Defendants paid Plaintiff her wages in cash, in those instances when Defendants paid any wages at all.

39. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and NYLL by failing to record Plaintiff's hours worked, failing to pay Plaintiff at her overtime, minimum wage, or agreed upon rates of pay, and by failing to pay Plaintiff any compensation whatsoever for nearly all of her hours worked from in or about early 2020 until on or about April 2, 2022, as part of their scheme to intentionally deprive Plaintiff of compensation.

40. Defendants failed to provide Plaintiff with accurate – or any – statements of her wages earned, including her correct regular and overtime rates of pay, her correct number of regular and overtime hours worked, spread of hours compensation, or her correct gross pay, deductions, or net pay, for each pay period as required by NYLL § 195(3).

41.     Throughout her employment, Plaintiff resided in a basement apartment attached to Defendants' home.

42.     Additionally, on or about April 2, 2022, Plaintiff complained to Defendants regarding Defendants' failure to pay Plaintiff her wages earned and demanded that Plaintiff be paid all of her unpaid wages immediately.

43.     Immediately thereafter, on or about April 2, 2022, Defendants became irate and began yelling at Plaintiff, began removing her clothes and personal items from her basement apartment, and sought to evict Plaintiff on the spot.  Defendants' enraged behavior required that the police appear to protect Plaintiff's interests.

44.     Immediately thereafter, on or about  April 2, 2022, Defendants summarily terminated Plaintiff's employment.

45.     Thus, Defendants terminated Plaintiff based on retaliatory animus for engaging in protected activity under the FLSA and NYLL.

46.     Defendants' termination of Plaintiff's employment operates to dissuade reasonable workers from asserting their rights under the FLSA and NYLL.

47.     Plaintiff has and will continue to suffer damages as a result of Defendants' retaliatory conduct.

**FIRST CLAIM FOR RELIEF**
**(FAIR LABOR STANDARDS ACT – MINIMUM WAGES)**

48.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

49.     Defendants employed Plaintiff and willfully failed to pay Plaintiff the applicable minimum wage rates for all hours worked, in violation of the FLSA and its supporting regulations.

50.     Defendants' violations of the FLSA have been willful and intentional.

51. Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover from Defendants unpaid minimum wage compensation, liquidated damages, attorneys' fees, and costs of this action.

## SECOND CLAIM FOR RELIEF
## (NEW YORK LABOR LAW – MINIMUM WAGES)

52. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

53. Defendants employed Plaintiff and willfully failed to pay Plaintiff the applicable minimum wage rates for all hours worked, in violation of the NYLL and the supporting New York State Department of Labor Regulations.

54. Defendants' violations of the NYLL have been willful and intentional.

55. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants unpaid minimum wage compensation, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

## THIRD CLAIM FOR RELIEF
## (NEW YORK LABOR LAW – UNPAID OVERTIME WAGES)

56. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

57. Defendants employed Plaintiff for workweeks longer than forty (40) hours and failed to compensate the Plaintiff for all hours worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the NYLL.

58. By Defendants' failure to pay Plaintiff proper overtime wages for hours worked in excess of forty hours per week, Defendants violated the NYLL, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 142.

59. Defendants' violations of the NYLL have been willful and intentional.

60. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of this action, and interest as permitted by law.

**FOURTH CLAIM FOR RELIEF**
**(FAILURE TO PAY WAGES DUE UNDER NYLL)**

61. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

62. NYLL §§ 190, 191, 198 and 663(1) require that employers pay wages to their employees in accordance with their agreed terms of employment.

63. Defendants failed to compensate Plaintiff at her regular rate of pay for each hour that she worked in accordance with her agreed terms of employment.

64. Defendants' violations of the NYLL have been willful and intentional.

65. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover for all hours worked for Defendants but for which Defendants did not provide compensation at their regular rate of pay.

66. Due to Defendants' violations of the NYLL, Plaintiff is also entitled to liquidated damages, attorneys' fees, costs, and interest for Defendants' failure to pay wages in accordance with their agreed terms of employment.

**FIFTH CLAIM FOR RELIEF**
**(SPREAD OF HOURS VIOLATION OF NYLL)**

67. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

68. Defendants failed to pay Plaintiff one additional hours' pay at the basic minimum wage rate for each day her spread of hours exceeded ten in violation of NYLL § 650 *et seq.* and 12 NYCRR §142-2.4.

69. Defendants' violations of the NYLL have been willful and intentional.

70. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover unpaid spread of hours compensation, liquidated damages, attorneys' fees, costs of this action and interest as permitted by law.

### SIXTH CLAIM FOR RELIEF
### (FAIR LABOR STANDARDS ACT – FREQUENCY OF PAY VIOLATION)

71. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

72. Defendants employed Plaintiff, yet failed to timely pay Plaintiff her wages earned by paying Plaintiff her wages months after the wages were earned and frequently failed to pay Plaintiff her wages earned at all, in violation of the FLSA.

73. Defendants' violations of the FLSA have been willful and intentional.

74. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

75. As a result of Defendants' unlawful acts, Plaintiff is entitled to recover liquidated damages in the amount of her delayed wages, attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b).

### SEVENTH CLAIM FOR RELIEF
### (VIOLATION OF NEW YORK LABOR LAW § 191)

76. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

77. Plaintiff was a manual worker as defined by the NYLL.

12

78. Defendants were required to pay Plaintiff her compensation on a weekly basis, and not later than seven calendar days after the end of the week in which the wages were earned.

79. Defendants failed to pay Plaintiff her wages earned on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, in violation of NYLL § 191.

80. Defendants' violations of the NYLL have been willful and intentional.

81. Due to Defendants' violations of the NYLL, Plaintiff is entitled to statutory damages equal to the total amount of the delayed wages, attorneys' fees and costs of this action.

### EIGHTH CLAIM FOR RELIEF
### (VIOLATION OF NEW YORK LABOR LAW § 191-3)

82. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

83. Plaintiff was an employee of Defendants, and Defendants were employers of Plaintiff as defined by the NYLL.

84. NYLL § 191-3 requires that "[i]f employment is terminated, the employer shall pay the wages not later than the regular pay day for the pay period during which the termination occurred, as established in accordance with the provisions of this section. If requested by the employee, such wages shall be paid by mail."

85. Defendants terminated Plaintiff's employment and failed to pay Plaintiff her final week of wages earned not later than her regular pay period during which the termination occurred, and still has not Plaintiff those wages earned, in violation of NYLL § 191-3.

86. Defendants' violations of the NYLL have been willful and intentional.

87. Due to Defendants' violations of the NYLL, Plaintiff is entitled to statutory damages equal to the total amount of the delayed wages, attorneys' fees and costs of this action.

## NINTH CLAIM FOR RELIEF
## (UNJUST ENRICHMENT)

88. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

89. Plaintiff performed work for the benefit of Defendants, at Defendants' behest. However, Defendants failed to compensate Plaintiff at her regular rates of pay or at any rate of pay for many or all of her hours worked during many pay periods in accordance with her agreed terms of employment. By doing so, Defendants retained monies that they were required to pay to Plaintiff for work that she performed, as required by Defendants.

90. Due to Defendants' conduct in violation of New York common law, Defendants were enriched at the expense of Plaintiff and it is against equity and good conscience to permit Defendants to retain what is sought to be recovered.

91. Due to Defendants' conduct in violation of New York common law, Plaintiff is also entitled to costs of this action and interest as permitted by law.

## TENTH CLAIM FOR RELIEF
## (QUANTUM MERUIT)

92. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

93. Plaintiff performed valuable services for Defendants in good faith, at Defendants behest, which were accepted by Defendants.

94. Plaintiff performed valuable services for Defendants with the expectation that she would be compensated for her work.

95. Plaintiff is entitled to the recovery of the reasonable value of the services that she provided to Defendants, Defendants were enriched at the expense of Plaintiff, and it is against equity and good conscience to permit Defendants to retain what is sought to be recovered.

96. Due to Defendants' conduct in violation of New York common law, Plaintiff is also entitled to costs of this action and interest as permitted by law.

## ELEVENTH CLAIM FOR RELIEF
## (VIOLATION OF NEW YORK LABOR LAW § 195(3))

97. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

98. Defendants failed to provide Plaintiff with accurate – or any – statements of her wages earned, including *inter alia* her correct regular or overtime rates of pay, her amount of regular and overtime hours worked, spread of hours compensation, gross wages, net wages and deductions, for each pay period as required by NYLL § 195(3).

99. Due to Defendants' failure to provide Plaintiff with accurate wage statements with her wages as required by NYLL § 195(3), Plaintiff is entitled to statutory damages, reasonable attorneys' fees and costs of this action.

## TWELFTH CLAIM FOR RELIEF
## (RETALIATION IN VIOLATION OF THE FLSA)

100. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

101. 29 U.S.C. § 215(a)(3) prohibits employers from discharging or in any other manner discriminating against an employee because such employee has filed any complaint relating to an employer's violation of the FLSA.

102. As described above, Defendants are employers within the meaning of the FLSA while Plaintiff is an employee within the meaning of the FLSA.

103. As also described above, Defendants retaliated against Plaintiff for engaging in protected activity under the FLSA.

104. Defendants' violation of the FLSA has been willful and intentional.

105. Due to Defendants' violation of the FLSA's anti-retaliation provisions, Plaintiff is entitled to compensatory damages, back pay, front pay, employee benefits Plaintiff would have otherwise received, damages for emotional pain, suffering, humiliation and embarrassment, punitive damages, liquidated damages, attorneys' fees, and costs.

### THIRTEENTH CLAIM FOR RELIEF
### (RETALIATION IN VIOLATION OF THE NYLL)

106. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

107. Section 215 of the NYLL prohibits employers from retaliating against an employee because an employee has made a complaint relating to improper payment of wages under the NYLL and/or for engaging in protected activity under the NYLL.

108. As described above, Defendants are employers within the meaning of the NYLL while Plaintiff is an employee within the meaning of the NYLL.

109. As also described above, Defendants retaliated against Plaintiff for engaging in protected activity under the NYLL.

110. Defendants' violation of the NYLL has been willful and intentional.

111. Due to Defendants' violation of the NYLL's anti-retaliation provisions, Plaintiff is entitled to compensatory damages, back pay, front pay, employee benefits Plaintiff would have

otherwise received, damages for emotional pain, suffering, humiliation and embarrassment, punitive damages, liquidated damages, attorneys' fees, costs and interest as permitted by law.

112. At or before the filing of this Complaint, Plaintiff has served notice of the action upon the Office of the New York State Attorney General.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

i. Issuing an order restraining Defendants from any retaliation against Plaintiff for participation in any form in this litigation;

ii. Issuing of a declaratory judgment that the practices complained of in this Complaint are unlawful under Fair Labor Standards Act, and its supporting regulations, and the New York Labor Law, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

iii. Awarding unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

iv. Awarding unpaid wages, including but not limited to unpaid overtime pay, minimum wage pay, unpaid wages owed at her agreed upon rates of pay, spread of hours pay, and/or other forms of compensation, pursuant to the NYLL and Department of Labor Regulations, plus an additional and equal amount as liquidated damages;

v. Awarding liquidated damages for untimely payment of wages under the FLSA;

vi. Awarding damages pursuant to NYLL §§ 191, 191-3, 198;

vii. Awarding damages pursuant to NYLL § 195(1), (3);

    viii.    Awarding damages relating to the unlawful violation of the New York common law with respect to unjust enrichment;

    ix.    Awarding all damages recoverable due to Defendants' unlawful retaliatory conduct, including but not limited to any compensatory damages for back pay, front pay, employee benefits Plaintiff would have otherwise received, damages for emotional pain, suffering, humiliation and embarrassment, punitive damages, and liquidated damages;

    x.    Awarding punitive damages as permitted by law;

    xi.    Awarding pre- and post-judgment interest as permitted by law;

    xii.    Awarding all attorneys' fees incurred in prosecuting these claims;

    xiii.    Awarding all costs incurred in prosecuting these claims; and

    xiv.    Granting such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
       October 26, 2022

LAW OFFICE OF PETER A. ROMERO PLLC
*Attorneys for Plaintiff*
490 Wheeler Road, Suite 250
Hauppauge, New York 11788
Tel.: (631) 257-5588

By: _____
    DAVID D. BARNHORN, ESQ.
    PETER A. ROMERO, ESQ.